IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,305






EX PARTE MANUEL GOMEZ, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


IN CAUSE NO. CR-0462-98-G FROM


THE 370
TH DISTRICT COURT OF HIDALGO COUNTY






 Per curiam.



O P I N I O N




 Appellant was convicted of aggravated robbery and attempted capital
murder. Punishment was assessed at confinement for ninety-nine years. These
convictions were affirmed. Gomez v. State, No. 13-99-189-CR (Tex.App. - Corpus
Christi, delivered April 26, 2001, no pet.).

 Applicant contends that he was denied an opportunity to file a petition for
discretionary review because his appellate attorney did not timely notify him that the
conviction had been affirmed. An affidavit filed by appellate counsel states that counsel
mailed notice of the affirmance to Applicant thirty-three days after the opinion was
delivered. The trial court has recommended that Applicant be denied an opportunity to
file an out-of-time petition for discretionary review because Applicant did not file a
motion for extension to file such a petition. We do not agree.

 Counsel's failure to mail notice to Applicant that his appeal had been affirmed
until three days after the deadline for filing the petition denied Applicant a reasonable
opportunity to file a petition or to seek an extension of time. Therefore, Applicant is
entitled to relief. Ex parte Wilson, 965 S.W.2d 25 (Tex.Cr.App. 1997). The proper
remedy in a case such as this is to return Applicant to the point at which he may file a
petition for discretionary review. He may then follow the proper procedures in order that
a meaningful petition for discretionary review may be filed. For purposes of the Texas
Rules of Appellate Procedure, all time limits shall be calculated as if the Court of
Appeals' decision had been rendered on the day the mandate of this Court issues. We
hold that should Applicant desire to seek discretionary review, he must take affirmative
steps to see that his petition is filed in the Court of Appeals within thirty days after the
mandate of this Court has issued.


DELIVERED: December 14, 2005

DO NOT PUBLISH